**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: TSB VENTURES, LLC**                    **CIVIL ACTION**

                                                                **NO: 25-1970**
                                                                      **25-1992**
                                                                      **25-2007**

                                                                **SECTION: C (5)**

### ORDER AND REASONS

Before the court are three appeals from an order of the United States Bankruptcy Court for the Eastern District of Louisiana denying three motions to compel arbitration. The bankruptcy court order is AFFIRMED.

### BACKGROUND

TSB Ventures, LLC is a private equity fund that invests in early to mid-stage companies, primarily small businesses and start-ups. Jose Canseco was a 2% member of TSB and CA Recovery Master Fund, LLC was a 98% member (now 100% member). Victor Trahan was a remote investor in TSB.

TSB invested in Kologik, LLC. Unhappy with the terms of that investment, Trahan sued Canseco and the members of Kologik. Canseco claimed entitlement to an incentive bonus, which Trahan denied. In July 2020, the parties agreed to arbitration. By December 2020, the parties had settled nearly all disputes and entered a settlement agreement. The dispute regarding the incentive bonus was not resolved,

1

instead, Canseco and Trahan agreed to arbitrate that dispute. Kologik was to pay the prevailing party $1.8 million. The settlement agreement contemplated Kologik selling its assets for $25 million, with $1.8 million set aside from the sale proceeds. The arbitration was to occur within one week of the settlement agreement. TSB alleges Canseco and Trahan failed to arbitrate their dispute.

In April 2024, Kologik filed a voluntary petition for bankruptcy in the Middle District of Louisiana. Kologik's assets were sold for near $24 million, with approximately $1.8 million held from the sale.

On January 20, 2025, TSB filed a Chapter 11 bankruptcy petition in the Eastern District of Louisiana. 25-10117, R. Doc. 1. Canseco and Trahan both made claims in the TSB bankruptcy proceeding. TSB filed an adversary proceeding in the Eastern District against Canseco and Trahan, seeking a declaration that $1.8 million belongs to the TSB bankruptcy estate and TSB is excused from escrowing those funds.  25-10117, R. Doc. 129; 25-1039, R. Doc. 1.

TSB filed a motion to compel arbitration in the adversary proceeding. 25-1039, R. Doc. 7 and 8. CA Recovery and another creditor, Murphy, Rogers/Willis & Buckley, also filed motions to compel arbitration in the bankruptcy proceeding. 25-10117, R. Doc. 132; 25-10117, R. Doc. 156. The bankruptcy court denied all three motions in a single order. 25-1039, R. Doc. 18; 25-10117, R. Doc. 193. TSB and CA Recovery appealed with briefing. 25-1970, R. Doc. 1 and 13; 25-1992, R. Doc. 1

and 10. Murphy, Rogers/Willis & Buckley appealed without briefing. 25-2007, R.

Doc. 1. The appeals are consolidated for determination.

## ANALYSIS

The motions to compel rely upon the following arbitration provision in the

settlement agreement:

> Any future dispute that may arise among or between any of the Parties
> will be resolved in an arbitration to be conducted by John Perry
> ("Perry") using rules to be determined by Perry but generally similar to
> those set forth in the Arbitration Agreement.
>
> ***
>
> Any dispute regarding or arising out of the subject matter of this
> Settlement Agreement and of any related agreements shall be subject to
> resolution by binding arbitration with Perry as the sole arbitration.

Generally, a federal court must enforce a contractually mandated arbitration clause,

unless the party opposing arbitration can show that its position is supported by a

congressional mandate that supersedes the Federal Arbitration Act. *In re Westbank

Holdings, LLC*, 658 B.R. 879, 885 (Bankr. E.D. La. 2024); *In re Mirant Corp.*, 316

B.R. 234, 237 (Bankr. N.D. Tex. 2004). The bankruptcy code can serve as a

congressional mandate superseding the FAA, particularly with respect to "core"

bankruptcy matters. *In re Westbank Holdings,* 658 B.R. at 885. A bankruptcy court

has discretion to refuse to compel arbitration when the subject of the arbitral

proceeding derives exclusively from the bankruptcy code and arbitration conflicts

3

with the purpose of the code. *Gandy v. Gandy (In re Gandy)*, 299 F.3d 489, 495 (5th Cir. 2002).

A bankruptcy court's decision whether an arbitration clause is enforceable is reviewed de novo. *Matter of Henry*, 944 F.3d 587, 591 (5th Cir. 2019). If the bankruptcy court concludes that the FAA does not require enforcement, it then has discretion whether to order arbitration, which discretion is reviewable only for abuse. *Id*.

A proceeding is "core" if it involves a substantive right created by Title 11 or if, by its nature, it could arise only in the context of a bankruptcy case. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). To determine whether a proceeding or claim is core, courts look to both the form and substance of the proceeding. *Id*. Generally, a core proceeding derives exclusively from the bankruptcy code. *Matter of Nat'l Gypsum Co.*, 118 F.3d 1056, 1067 (5th Cir. 1997). 29 USC § 157 (b)(1) states that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11[.]" "Arising under" jurisdiction covers a cause of action created or determined by Title 11. *Wood,* 825 F.2d at 96. "Arising in" jurisdiction refers to claims not based on any right expressly created by Title 11, but which have no existence outside of the bankruptcy. *Id*.

4

TSB's adversary proceeding seeks a judgment declaring (1) $1.8 million as property of its bankruptcy estate under 11 U.S.C. § 541(a) and (2) TSB is excused from escrowing those funds. Canseco and Trahan assert counter claims arising from TSB's failure to escrow the funds. The bankruptcy court considered the claims of Trahan and Canseco made in the bankruptcy proceeding, the adversary case filed against them by TSB, and the counter claims. In denying the motions to compel arbitration, the bankruptcy court found the claims "all part and parcel" and "go to the very heart of what this bankruptcy court is here to do," which is to "reconcile the debtor's relationship with its creditors and often reconcile the relationships between the creditors themselves. That is the purpose of this forum. . .. It provides debtors and creditors with the ability to centralize the disputes. That is a core purpose of the Bankruptcy Code." 25-10117, R. Doc. 194; 25-1039, R. Doc. 19.

The essential dispute here is whether the $1.8 million is property of TSB's bankruptcy estate and, if so, what are the parties' rights relative to those funds. A proceeding to determine whether a debtor's interest in property is "property of the estate" is a core proceeding under § 157(b)(2)(A). *In re Envision Healthcare Corporation*, 655 B.R. 701, 709 (Bankr. S.D. Tex 2023); *Speer v. Tow (In re Royce Homes, LP)*, 652 B.R. 488, 495–96 (Bankr. S.D. Tex. 2023); *Manges v. Atlas (In re Duval Cty. Ranch Co.)*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994). That determination is a quintessential element of the bankruptcy code. *In re Envision*

*Healthcare Corporation*, 655 B.R. at 709. An equitable distribution of assets is not possible without it. *Id*. Resolution of the $1.8 million dispute is a core claim.

While categorizing a claim as "core" does not automatically render the claim non-arbitral, the categorization raises the bar for denying the bankruptcy court's discretion. *Goldman Sachs Bank USA v. Brown*, 170 F.4th 249, 257 (4th Cir. 2026). As explained by the United States Court of Appeals for the Fourth Circuit:

> While arbitration agreements are to be rigorously enforced, bankruptcy too represents a fundamental public policy. Grounded in the Constitution, bankruptcy provides debtors with a fresh start and creditors with an equitable distribution of the debtor's assets. To those ends, a principal purpose of the Bankruptcy Code is to provide debtors and creditors with the prompt and effectual administration and settlement of the debtor's estate. Similarly, a principal purpose of the Bankruptcy Code is also to centralize disputes over the debtor's assets and obligations in one forum, thus protecting both debtors and creditors from piecemeal litigation and conflicting judgments. Ease and centrality of administration are thus foundational characteristics of bankruptcy law. *Moses v. CashCall, Inc.*, 781 F.3d 63, 72 (4th Cir. 2015) (internal quotations and citations omitted).

Determining the property of the estate and providing one forum for all disputes is a critical part of the bankruptcy process and supports a principle purpose of the bankruptcy code. Fulfilling that purpose in this instance involves a congressional mandate that supersedes the FAA. The bankruptcy court had discretion to deny the motions to compel arbitration and did not abuse that discretion.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the order of the bankruptcy court is AFFIRMED.

New Orleans, Louisiana this ___13th___ day of May 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE